UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 17-48311

DAVID MULLINS,  Chapter 13
and
SANDRA MULLINS,  Judge Thomas J. Tucker

                Debtors.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, MOTION TO EXCUSE THE REQUIREMENT THAT DEBTOR DAVID MULLINS FILE A CERTIFICATION OF COMPLETION OF POSTPETITION INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT AND CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS**

      This case is before the Court on the motion, filed September 22, 2023, entitled "Motion to Excuse the Requirement That Debtor David Mullins File a Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management And Certification Regarding Domestic Support Obligations" (Docket # 123, the "Motion"). The Motion seeks an order excusing the Debtor, David Mullins, "from filing a Certification of Completion of Post Petition Instructional Course and the Certification Regarding Domestic Support Obligations." (*Id*.) The Motion states that the Debtor David Mullins "passed away on October 12, 2017." (*Id.* at 1 ¶ 3.)

      The Motion must be denied, because it was not filed by or on behalf of anyone with standing to seek the relief sought (*e.g*., the Motion does not allege or demonstrate that the Debtor's surviving spouse, Joint Debtor Sandra Mullins, is the personal representative of the estate of the deceased Debtor David Mullins).

      The Motion was filed as a motion by the deceased Debtor's former attorney. But the Debtor David Mullins is deceased. And the Motion does not show that the Joint Debtor Sandra Mullins or her attorney has standing or authority to file a motion on behalf of the deceased Debtor.

      Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, David Mullins. *See In re Beach*, No. 20-47886, 2022 WL 1446748 (Bankr. E.D. Mich. May 6, 2022); *In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann.

§ 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

The Motion does not allege or demonstrate that the Debtor's former attorney or the Joint Debtor, Sandra Mullins is the personal representative of the deceased Debtor David Mullins.

For these reasons,

IT IS ORDERED that the Motion (Docket # 123) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on October 18, 2023**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge